Swaine v. Blackmore.

FRED SWAINE et al., Respondents, v. H. BLACKMORE
et al., Appellants.

St. Louis Court of Appeals, April 29, 1898.

1. **Injunction**: CONTEMPT: CITATION FOR DISOBEYING INJUNCTION:
ORGANIZED LABOR, RIGHTS OF. Where an injunction has been issued
against parties restraining them from preventing any one from ac-
cepting employment, and from forcing any one who has accepted
employment, to quit said employment by threats and intimidation;
and when a citation has been issued against said parties for a viola-
tion of said injunction, and the evidence supports the finding of the
court in such cases, the judgment of the court will not be disturbed.

2. ———: ———. There is no authority supporting the proposition,
that one man, or a multitude of organized men, have the right by
threats or intimidation to prevent any one from accepting employ-
ment, or to force his discharge after employment.

*Appeal from the St. Louis City Circuit Court.*—HON.
JACOB KLEIN, Judge.

AFFIRMED.

STURDEVANT, STEAR & STURDEVANT for appellants.

A "strike" by workmen is lawful. They have a right to quit work in a body and persuade others to quit, if they do not use force, violence or intimidation. Longshoremen Ptg. Co. v. Howell, 26 Ore. 527, and citations; Shoe Co. v. Saxey, 131 Mo. 222. Labor unions are lawful, even though they may impoverish others by depriving them of work. Commonwealth v. Hunt, 4 Met. (Mass.) 128. Lawful under our statute. See Session Acts 1893, p. 187. Men have a right to refuse business relations with whom they please, whether that refusal rests upon reason or is the result of whim, caprice, prejudice or malice. Cooley on Torts [1 Ed.], p. 278; Payne v. R. R., 13 Lea (Tenn.), 507; Commonwealth v. Hunt, *supra*. Whatever one man may lawfully do singly, a number of men may lawfully agree to do jointly. The number who unite to do the act can not change its character from lawful to unlawful. Bohn Mfg. Co. v. Hollis, 54 Minn. 233; Longshoremen Ptg. Co. v. Howell, *supra*. This case is quasi-criminal, and the appellate court weighs and construes the evidence, as in all equity or criminal cases. No authorities need be cited.

JOHN B. DEMPSEY for respondents.

No question is raised either that "labor unions" are lawful, or that it is lawful for the members to "strike." Curran v. Galen, 152 N. Y. 33; Shoe Co. v. Saxey, 131 Mo. 212. But associations of this character have no more right to inflict wrong on others than individuals have. All combinations and associations designed to coerce workmen to become members, or to interfere with, obstruct, vex, or annoy them in working or obtaining work, because they are not members, or

to compel them to become members are *pro tanto* illegal combinations.    Old Dominion S. S. Co. v. McKenna, 30 Fed. Rep. 48.    Striking printers gathered about employer's place of business, followed workmen to their homes and interfered with them by threats, menaces, intimidation, ridicule and annoyance because they refused to strike, held to be unlawful acts, though no physical violence was attempted, and an injunction was sustained.    Murdock v. Walker, 152 Pa. St. 595. Banners displayed in front of plaintiff's place of business, warning persons not to work for him, construed to be unlawful threats and intimidation, though no personal force or violence were used.    Sherry v. Perkins, 147 Mass. 212; Walker v. Cronin, 107 Mass. 555.    An agreement between a trade union and master that no one but members of unions are to be employed, is illegal and no defense to an action by an employee who is discharged because he refuses to join.    Curran v. Galen, 152 N. Y. 33.    A union threatened to deprive employer of workmen and to prevent others from entering his employ unless he paid a fine of $500, which they had assessed against him (the master was not a member of the union).    Under the threat he paid the money and then sued to recover it back.    Held, that he was entitled to recover.    Carew v. Rutherford, 106 Mass. 1. It is well settled by authority that acts lawful in themselves may be so done as to injure others, and when so done, such acts become actionable.    Van Hoesen v. Coventry, 10 Barb. 518.    "Injuries to property indirectly brought about by menaces,    *    *    *    create as valid a cause of action as any direct injury from force or trespass.    Addison, Torts, p. 20.    The menace or threat is a wrong done to the employee's freedom to deal where he chooses, to the employer to employ whom he pleases and on such terms as are satisfactory to both parties, and becomes unlawful when its legitimate and

natural effect is to cause employer to lose his workmen or workman to be deprived of his right to labor. Gilbert v. Mickle, 4 Sand. Ch. (N. Y.) 357; Springhead Milling Co. v. Riley, L. R. L. Eq. Cas. 537.

BLAND, P. J.—Plaintiffs and defendants are members of rival labor organizations. On the twenty-fourth day of August, 1896, the St. Louis circuit court, on the petition of the plaintiffs, issued a temporary injunction against the defendants, prohibiting them from interfering with the employment of the plaintiffs as carpenters. On October 9, 1897, plaintiffs made an application to the circuit court for citation on the defendants to show cause why they should not be fined for contempt, in that, it was alleged, they had disobeyed the injunction order of the court. A citation was issued and served on defendants under which they appeared, and evidence was heard, from which it appears that some of the defendants had disobeyed the injunction of court by procuring and causing one of the plaintiffs to be discharged from his employment as a carpenter, by intimidation and threats, and for the sole reason that he was not a member of defendants' organization. The court found those of the defendants who had procured the discharge of one of the plaintiffs guilty, and assessed their punishment for the contempt thus committed at a fine of $10 each. Those defendants found guilty filed a motion for new trial, which was by the court overruled, and they duly appealed to this court.

Counsel for either side have filed able and exhaustive briefs on the rights of labor to organize, and under certain conditions to strike and to use persuasive means to procure persons to refuse employment and to quit their employment. These questions are not involved on this appeal, nor is there any authority anywhere supporting

RIGHTS of organized labor.

the prop,osition that one man or a multitude of organized men, have the right by threats or intimidation to prevent anyone from accepting employment, or to force his discharge after being employed, as was done in this instance. The evidence supports the finding and judgment of the court, and the judgment will be affirmed. All concur.